CLAIRE AND FREDERICK G. SUBT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Subt v. Commissioner
Docket No. 24367-90
United States Tax Court
T.C. Memo 1992-448; 1992 Tax Ct. Memo LEXIS 472; 64 T.C.M. (CCH) 417; August 10, 1992, Filed Decision will be entered under Rule 155. For Claire and Frederick G. Subt, pro se. For Respondent: Russell A. Acree, III. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in petitioners' Federal income taxes for 1987 and 1988 in the amounts of $ 2,497 and $ 2,455, respectively. The issues for decision are: (1) Whether petitioners held certain real estate for the production of income under section 212(2); and (2), if so, whether depreciation and certain expenses incurred in connection with the property are deductible; and (3) whether certain other expenses incurred in connection with the property should be capitalized. [2]
*473 Some of the facts were stipulated and are so found. Petitioners resided at Austin, Texas, when they filed their petition. On Schedule E of their 1987 and 1988 Federal income tax returns, petitioners claimed the following income and expenses relating to certain property which was described as the "Merle" property on their returns: 1987
1988
Rental income
-0-   -0-
Expenses:
Repairs
$  7,460 $  6,890.46 Taxes
607 705.82 Utilities
558 1,251.25 Contract labor
4,382 --    Operating expenses
734 1,191.47 Permit
125 --    Advertising
--  26.40 Depreciation
3,432 4,343.00 (Loss)
[1] ($ 17,298)
($ 14,408.40)
Respondent disallowed all the expenses except the $ 26.40 advertising expenses for 1988. The taxes of $ 607 and $ 705.82, respectively, were disallowed as Schedule E deductions but were allowed as Schedule A itemized deductions. The basis for disallowance of the expenses is that petitioners' property was not held or available for rent during 1987 and 1988; therefore, the property was not held for the production *474 of income. Additionally, some of the expenses were determined to be capital in nature and would not, in any event, be currently deductible. The Merle property is the same property which was at issue in Subt v. Commissioner, T.C. Memo. 1991-429, which involved petitioners' 1986 tax year. In that case, this Court held that certain expenditures for the repair and renovation of the property constituted capital expenditures which were not currently deductible but which were subject to an allowance for depreciation. During 1986, the Merle property was rented for the first 3 months, but it was not thereafter rented. The property was not rented during 1987 and 1988, nor was it rented as of the date of the trial of this case. Petitioners, therefore, derived no income from the property during 1987 and 1988. Petitioners have not used the property for personal purposes, except they have sometimes used the street address for receipt of business mail. Petitioners own other rental properties which are income producing. The Merle property, during the times in the past when it had been rented, was rented for residential purposes. Sometime during 1987 or 1988, petitioners *475 decided that, after renovations, they would offer the property for business use rather than residential rental, or they might offer the property for sale. They had experienced many problems with tenants as expressed aptly by Mr. Subt at trial: Let me say something else that would help. Historically, we rented this place as a residence. * * * In that area -- I have other property, as you probably know. * * * we have had one disaster after another. We have had people steal the garage opener; we have had them do a lot of damage. I was fed up -- I mean stressed out with * * * tenants. They get divorced; they fight. One lady * * * moved two other men in with her. They broke out doors; they kicked the doors down. He broke her jaw. * * * I am too old for that kind of stuff. So part of the motivation for me is to try and rent it as an office or sell the building, but to do either one, I want to put it in as good a shape as I can do, sir. And all I can say is if you had the history I had with that building, you would be in a dilemma as I am. Respondent's determinations in the notice of deficiency are presumed correct, and petitioners bear the burden of proving that the determinations *476 are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 212 allows as a deduction all the ordinary and necessary expenses paid during the year for the production or collection of income (sec. 212(1)) or for the management, conservation, or maintenance of property "held for the production of income" (sec.212(2)). Section 167(a)(2) allows as a deduction a reasonable allowance for depreciation of property "held for the production of income." The phrase "held for the production of income" has the same meaning in section 212 and section 167. Mitchell v. Commissioner, 47 T.C. 120, 129 (1966). Expenses and depreciation may be deducted only if the property is held for production of income during the taxable year at issue. Meredith v. Commissioner, 65 T.C. 34, 41 (1975). Under section 1.212-1(b), Income Tax Regs., ordinary and necessary expenses paid or incurred in the management, conservation, or maintenance of a building devoted to rental purposes are deductible notwithstanding that there is actually no income therefrom in the taxable year. Further, expenses paid or incurred in connection with investment *477 property may be deductible under this regulation, even though the property is not currently productive, and there is no likelihood that the property will be sold at a profit or will otherwise be productive of income, and even though the property is held merely to minimize a loss with respect thereto. Whether property is held for the production of income is a question of fact to be determined from all the facts and circumstances. Johnson v. Commissioner, 59 T.C. 791 (1973), affd. 495 F.2d 1079 (6th Cir. 1974), cert. denied 419 U.S. 1040 (1974). The record supports a finding that petitioners held their Merle property during 1987 and 1988 for the production of income under section 212(2), and that some of the expenses they incurred during this period were for the management, conservation, or maintenance of property held for the production of income under section 212(2). The property was not used by them personally; the property had been rented in previous years; petitioners intended to rent the property in the future or sell it; and the reason why no income was produced by the property during the years in question was because of *478 the ongoing renovations to the property. Additionally, petitioners ran several newspaper advertisements during 1988 offering potential tenants accommodations they would make to suit the needs of business occupants. The fact that the property realized no income during the years at issue is not determinative. Petitioners, therefore, are sustained on this issue. Having found that petitioners held the property for the production of income within the meaning of section 212, it follows that depreciation, taxes, utilities, operating, and permit expenses are allowable for the 2 years at issue. However, the items for repairs and contract labor for 1987 and 1988 were determined by respondent to be improvements to the property, which should be capitalized. Under section 263(a)(1), no deduction shall be allowed for any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. Section 1.263(a)-1, Income Tax Regs., provides, in pertinent part: (a) Except as otherwise provided in chapter 1 of the Code, no deduction shall be allowed for -- (1) Any amount paid out for new buildings or for permanent improvements or *479 betterments made to increase the value of any property or estate, or (2) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made in the form of a deduction for depreciation, amortization, or depletion. (b) In general, the amounts referred to in paragraph (a) of this section include amounts paid or incurred (1) to add to the value, or substantially prolong the useful life, of property owned by the taxpayer, such as plant or equipment, or (2) to adapt property to a new or different use. Amounts paid or incurred for incidental repairs and maintenance of property are not capital expenditures within the meaning of subparagraphs (1) and (2) of this paragraph. * * * Capital expenditures are subsequently recovered through depreciation, amortization, cost of goods sold, as an adjustment to basis, or otherwise, at such time as the property to which the amount relates is used, sold, or otherwise disposed of by the taxpayer, in accordance with applicable Code sections and guidelines published by the Secretary.[3]
*480 Petitioners have not sustained their burden of establishing that the repairs and contract labor were amounts paid for incidental repairs and maintenance of their property. Respondent, therefore, is sustained in the determination that these items constituted capital expenditures. These amounts may be recovered through depreciation deductions under section 168(c)(1) as nonresidential real property with an applicable recovery period of 31.5 years. [4]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For 1988, respondent determined that $ 2,688 social security benefits received by petitioners constituted gross income. Petitioners presented no evidence on this adjustment at trial; consequently, respondent is sustained on this adjustment. Rule 142(a)↩. Additionally, this adjustment has a computational aspect which may be affected by the disposition of the contested adjustments.
1. The total on petitioners' 1987 return is $ 18,068, which the Court finds is a mathematical error.↩
3. The underscored language was added by T.D. 8408, 1992-19 I.R.B. 10↩, 18, effective April 10, 1992, for taxable years beginning after Dec. 31, 1953.
4. Sec. 168(c)(1) as amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 201(a), 100 Stat. 2085, 2122, for property placed in service after Dec. 31, 1986, and in taxable years ending after such date.↩